UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHICKPLEASE, LLC, | : |
| | : |
|     Plaintiff, | :    Case No. 2:22-cv-2526 |
| | : |
| v. | :    Chief Judge Algenon L. Marbley |
| | :    Magistrate Judge Kimberly A. Jolson |
| SAHAR SHALASH, | : |
| | : |
|     Defendant. | : |

**ORDER**

This issue is before this Court on Plaintiff's Motion to Dismiss the case against Defendant Shalash without prejudice. (ECF No. 41). Defendant does not oppose Plaintiff's Motion.

In June 2022, Plaintiff Chickplease, LLC, brought suit against Defendant Shalash, alleging tortious interference with contractual relations, tortious interference with prospective advantage, and trespass to real property. (ECF No. 1 at 7-10). Plaintiff also sought injunctive relief preventing Defendant from communicating with companies with which Plaintiff does business. (*Id.* at 11). Defendant answered the Complaint in February 2023, (ECF No. 24), and the Parties attempted mediation unsuccessfully in November 2023. (ECF No. 36). Plaintiff now seeks to voluntarily dismiss the case without prejudice. (ECF No. 41).

Federal Rule of Civil Procedure 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." F. R. Civ. P. 41(a)(2). It is within the "sound discretion" of the district court to grant a Rule 41(a)(2) motion for a voluntary dismissal. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Rule 41(a)(2)'s requirement that cases in which the defendant has served an answer may only be dismissed by court order "is to protect the nonmovant from unfair treatment." *Id.* Unless the order granting dismissal states otherwise, such a dismissal is without prejudice. F. R. Civ. P. 41(a)(2). "Dismissal without prejudice is appropriate unless '[the] defendant would suffer plain legal prejudice . . . as opposed to facing the mere prospect of a second lawsuit.'" *Robinette v. Olentangy Loc. Sch.*, No. C2-08-CV-149, 2008 WL 4593647 at *1 (S.D. Ohio Oct. 14, 2008) (Marbley, J.) (quoting *Grover*, 33 F.3d at 718). To determine whether the defendant will suffer legal prejudice as a result of dismissal without prejudice, a court should consider: (1) how much effort and expense the defendant has expended in the matter; (2) any lack of diligence on the plaintiff's part in prosecuting the case; (3) whether the plaintiff has given sufficient explanation of her need to take a dismissal; and (4) whether the defendant has filed a motion for summary judgment. *Id.* (citing *Grover*, 33 F.3d at 718).

In its Motion, Plaintiff Chickplease explains that it seeks to voluntarily dismiss its lawsuit "because the costs to continue to pursue litigation regarding this dispute between Plaintiff and Defendant are overly burdensome for Plaintiff at this time." (ECF No. 41 at 1). Plaintiff represents that the Parties are "involved in other ongoing litigation matters," which contribute to the financial burden on the Parties. (*Id.* at 2). With respect to Defendant's effort and expense, Plaintiff points out that the case is still relatively young—Defendant filed an Answer, (ECF No. 24), but has not filed a motion for summary judgment. Finally, no lack of diligence on Plaintiff's part is apparent—the Parties attempted to mediate the issue in November 2023, but the mediator reported that the case was at an impasse. (ECF No. 36).

3

For the foregoing reasons, and for good cause shown, this Court **GRANTS** Plaintiff's Motion to Dismiss without Prejudice.  This case is DISMISSED.

**IT IS SO ORDERED.**

                                                    **ALGENON L. MARBLEY**
**DATED:  May 6, 2024**                      **CHIEF UNITED STATES DISTRICT JUDGE**